**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
GREENVILLE DIVISION**

**TONY SMITH**                                                                                               **PLAINTIFF**

**v.**                                                                               **No. 4:04CV107-P-A**

**MISSISSIPPI DEPARTMENT OF CORRECTIONS, ET AL.**             **DEFENDANTS**

### REPORT AND RECOMMENDATION

On October 20, 2005, plaintiff Tony Smith, an inmate in the custody of the Mississippi State Penitentiary with inmate number R1422, appeared before the undersigned for a hearing pursuant to *Spears v. McCotter,* 766 F.2d 179 (5th Cir. 1985), to determine whether there exists a justiciable basis for his claim filed pursuant to 42 U.S.C. § 1983. A plaintiff's claim shall be dismissed if "it lacks an arguable basis in law or fact, such as when a prisoner alleges the violation of a legal interest that does not exist." *Martin v. Scott*, 156 F.3d 578 (5th Cir. 1998)(citations omitted). For the purposes of the Prison Litigation Reform Act, the court notes that the plaintiff was incarcerated when he filed this lawsuit.[1]

### The Plaintiff's Claims

The plaintiff's primary complaint is that the defendants failed to provide proper medical care to treat the plaintiff's broken arm. He also claims that Emergency Medical Technician Harmon refused to treat the plaintiff in retaliation for the numerous grievances the plaintiff had filed – and because one of the plaintiff's previous grievances contributed to the firing of another health care worker in Harmon's department. Finally, the plaintiff claims that Correctional Medical Services, Inc. has collected $36.00 in co-payments from the plaintiff's account for medical visits not requiring such co-payments.

---

[1]28 U.S.C. § 1915(g).

## *Respondeat Superior*

At his *Spears* hearing, the plaintiff testified that Dr. Bill Steiger, Superintendent Mike Wilson, and Commissioner Christopher Epps were included as defendants because they are supervisors; the plaintiff did not have direct contact with any of them. Section 1983 liability cannot, however, be predicated upon a *respondeat superior* theory. *Monell v. Department of Social Services*, 436 U.S. 658, 691 (1978). For a plaintiff to state a viable cause of action under § 1983, he must "identify defendants who are either personally involved in the constitutional violation or whose acts are causally connected to the constitutional violation alleged." *Woods v. Edwards*, 51 F.3d 577, 583 (5th Cir. 1995) (citing *Lozano v. Smith*, 718 F.2d 756, 768 (5th Cir. 1983)). In this case, the plaintiff does not allege that these defendants had any personal involvement or were causally connected to the alleged incident in any way. As such, the undersigned respectfully recommends that this action be dismissed as to defendants Dr. Bill Steiger, Superintendent Mike Wilson, and Commissioner Christopher Epps for failure to state a constitutional question. In addition, the Mississippi Department of Corrections is not a proper defendant in a suit under 42 U.S.C. § 1983; as such, it shall be dismissed, as well.

## Failure to Exhaust

The plaintiff alleged both at his *Spears* hearing and in his amended complaint that Correctional Medical Services, Inc., the company managing the medical care for Mississippi Department of Corrections inmates, has improperly deducted $36.00 from the plaintiff's inmate account to cover co-payments for medical visits for which co-payments were not warranted under Mississippi Department of Corrections policy. A prisoner plaintiff proceeding under 42 U.S.C. § 1983 must first exhaust prison administrative remedies before proceeding in federal court. 42 U.S.C. § 1997e(a), *Wright v. Hollingsworth*, 260 F.3d 357 (5th Cir. 2001). The plaintiff has not

done so for his claim regarding erroneous charging of medical payments; as such, the undersigned recommends that this claim be dismissed for failure to exhaust administrative remedies under 42 U.S.C. § 1997e(a).

In sum, the undersigned recommends the dismissal of the plaintiff's claims against Dr. Bill Steiger, Superintendent Mike Wilson, and Commissioner Christopher Epps for failure to state a constitutional question. The undersigned recommends further that the plaintiff's claims against the Mississippi Department of Corrections be dismissed, as it is not a proper party defendant under 42 U.S.C. § 1983.

The plaintiff's claims shall proceed against Dr. John Bearry and Dr. Touchstone for failure to provide adequate medical care for the plaintiff's broken arm. In addition, the plaintiff's claims against Dr. Santos shall proceed for issuing a profile for the plaintiff to get extra milk to aid in the healing of his broken arm – then not forwarding the profile to the kitchen where it could be implemented. Finally, the plaintiff's claims against Emergency Medical Technician Harmon for retaliation against the plaintiff for filing medical request forms and because the plaintiff previously prosecuted a grievance against someone in Harmon's department shall proceed.

**Handling of Objections, Acknowledgment of Receipt**

The court refers the parties to 28 U.S.C. § 636(b)(1)(B) and Fed. R. Civ. P. 72(b) for the appropriate procedure in the event any party desires to file objections to these findings and recommendations. Objections are required to be in writing and must be filed within ten (10) days of this date, and "a party's failure to file written objections to the findings, conclusions, and recommendation in a magistrate judge's report and recommendation within 10 days after being served with a copy shall bar that party, except on grounds of plain error, from attacking on appeal

the unobjected-to proposed factual findings and legal conclusions accepted by the district court . . . ." *Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996) (*en banc*)(citations omitted); *see also United States v. Carrillo-Morales*, 27 F.3d 1054, 1061-62 (5th Cir. 1994), *cert. denied*, 513 U.S. 1178, 115 S.Ct. 1163, 130 L. Ed. 1119 (1995).

The plaintiff is directed to acknowledge receipt of this report and recommendation by signing the enclosed acknowledgment form and returning it to the clerk of the court within ten (10) days of this date. The plaintiff is warned that failure to comply with the requirements of this paragraph may lead to dismissal of this lawsuit under Fed. R. Civ. P. 41(b) for failure to prosecute the claim and for failure to comply with an order of the court.

Respectfully submitted this 28th day of October, 2005.

/s/ S. Allan Alexander
UNITED STATES MAGISTRATE JUDGE